CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED

JUN 3 0 2009

JOHN F/CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| IVAN SPARKS, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:08cv00494 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| GENE M. JOHNSON, et al., | ) | By: Samuel G. Wilson |
|     Defendants. | ) | United States District Judge |

Plaintiff, Ivan Sparks[1], a Virginia inmate proceeding pro se, brings this action under 42 U.S.C. § 1983, alleging that the defendants violated his constitutional rights by not paying him interest on his inmate trust account. The court finds that Sparks' claim is frivolous and, therefore, dismisses his action, pursuant to 28 U.S.C. § 1915A(b)(1).

I.

Sparks argues that he has a property right in the interest earned on his inmate trust account and claims that the defendants violated the Takings Clause of the United States Constitution by not paying him interest on the account.[2] Sparks complains that the Virginia Department of Corrections ("VDOC") pools all of the inmates' money together into a single interest-bearing account and then keeps the interest earned on that account for the general benefit of inmates under the state's care. In response to Sparks' grievances, the defendants advised Sparks that, pursuant to Operating Procedure 802.2, he was not required to leave his funds in an inmate trust account, but could transfer his money to an outside bank account.[3] Defendants also advised Sparks that VDOC policy states that

---

[1] The court notes that plaintiff submitted his complaint under the name "Ras: Ivan Sparks." However, according to Virginia Department of Corrections online records, his name is Ivan Sparks; therefore, the court will refer to plaintiff as Ivan Sparks.

[2] Sparks also claims that the defendants violated his right to equal protection; however, he provides no facts in support of this conclusory allegation.

[3] The defendants noted that all but $25.00 of Sparks' money could be transferred to an outside account. The $25.00 is a "hold account," pursuant to regulations promulgated by the State Board of Corrections which establish that ten percent of an inmate's allowance is placed in a hold account until $25.00 accumulates. See State Bd. of Corrections Policy No. 20-7.1. This sum is held until the inmate is discharged and only then is paid to him. See Va. Code Ann.

any interest earned in inmate trust accounts will accrue to the benefit of the offender population but will not be paid to individual offenders.[4]

## II.

Sparks claims that the defendants violated the Takings Clause by failing to pay him interest on his inmate trust account. However, Sparks has no property right in the interest earned and, thus, his claim fails.

The Takings Clause of the Fifth Amendment provides, "nor shall private property be taken for public use, without just compensation."[5] Phillips v. Washington Legal Foundation, 524 U.S. 156, 163 (1998); Chicago Burlington & Quincy R.R. Co. v. City of Chicago, 166 U.S. 226, 239 (1897). The Takings Clause protects private property, it does not create it. See Phillips, 524 U.S. at 164. In a Takings Clause analysis, the court must first determine whether the plaintiff possesses a constitutionally protected property interest then, if he does, whether the property was "taken" for public use and, finally, whether the plaintiff received just compensation. See id. at 156; Penn Central Transp. Co. v. New York City, 438 U.S. 104, 124 (1978). The existence of a property interest is determined not by the Constitution itself but by reference to "existing rules or understandings that stem from an independent source such as state law." Phillips, 524 U.S. at 164 (quoting Board of Regents of State Colleges v. Roth, 408 U.S. 564 (1972)). In Virginia, an inmate does not have a constitutionally protected property right in the interest earned on an inmate trust account. Washlefske v. Winston, 234 F.3d 179, 186 (4th Cir. 2000) ( holding that Virginia statutes

---

§ 53.1-190. And if $25.00 does not accumulate in this account, each prisoner is nevertheless given a minimum of $25.00 upon his discharge from prison, paid from VDOC funds. See id.

[4] Pursuant to Va. Code Ann. § 53.1-44, use of the interest earned is at the sole discretion of the Director of the Department of Corrections.

[5] This limitation of governmental power has been imposed on the states through the Due Process Clause of the Fourteenth Amendment.

2

create and define a limited property right in the funds held in prison accounts, which do not grant full rights of possession, control, and disposition over the amounts "earned" and credited to the prisoner's account.) Accordingly, inasmuch as Sparks has no property right to the interest income, the court finds that the defendants did not violate the Takings Clause and Sparks' claim fails.[6]

### III.

For the reasons stated herein, the court dismisses Sparks' action as frivolous, pursuant to § 1915A(b)(1).

ENTER: This 30th day of June, 2009.

United States District Judge

---

[6] Further, to the extent Sparks claims the defendants violated his due process rights by not giving him notice and an opportunity to be heard before denying him interest income, his claim also fails. In order to prevail on a procedural due process claim, an inmate must first demonstrate that he was deprived of "life, liberty, or property" by governmental action. Bevrati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997). In this case, Sparks has no property right in the interest income and, thus, he has not stated a due process claim of constitutional magnitude.

3